## CORNELIUS ROURKE *vs.* AMAZIAH BULLENS.

A sale of a hog on credit, to be kept by the vendor until the purchaser shall call for it, and then paid for at its market price according to its then weight, after which the parties go together to the pen where the hog is, and the purchaser directs the vendor to keep it well, who assents, is not a sufficient sale and delivery against a subsequent purchaser.

ACTION OF TORT for converting to the defendant's use a hog belonging to the plaintiff.

At the trial in the court of common pleas in Hampden at March term 1857, before *Morris, J.,* the plaintiff proved that the hog was sold and delivered to him by Ellen Sullivan; but, by arrangement between the parties, was permitted to remain a few days on her premises, whence the defendant took and killed it, and carried it away.

The defendant testified that, before the sale to the plaintiff, Ellen Sullivan, who was then his debtor in a sum exceeding the value of the hog, being at his store in Chicopee, two miles from the place where the hog was, agreed that she should sell the hog to him, and he should give her credit for it, and she should keep it for him until he should see fit to take it, and he should then pay her its market price according to its weight then. The defendant was also permitted, against the plaintiff's objection, to prove that, after the sale to him and before the sale to the plaintiff, the defendant went with her to the pen where the hog was, and saw the hog, and directed her to keep it well, and she said she would do so. There was no other evidence of delivery to the defendant.

The plaintiff, admitting the defendant's evidence to be true, contended that it did not show such a sale and delivery of the hog by Ellen Sullivan to the defendant as would prevent the plaintiff from acquiring a title to it under the subsequent purchase by him; and that the contract of sale between the said Ellen and the defendant was so vague and indefinite in its terms that it would not vest a title to the property in the defendant as against a subsequent *bona fide* purchaser. But the court in-

structed the jury otherwise, and they found a verdict for the defendant. The plaintiff alleged exceptions.

*E. W. Bond*, for the plaintiff.

*G. M. Stearns*, for the defendant, cited *Chapman* v. *Searle*, 3 Pick. 38; *Tuxworth* v. *Moore*, 9 Pick. 347; *Shumway* v. *Rutter*, 8 Pick. 443; *Boyden* v. *Moore*, 11 Pick. 362; *Riddle* v. *Varnum*, 20 Pick. 280; *Macomber* v. *Parker*, 13 Pick. 175; *Commonwealth* v. *Kneeland*, 20 Pick. 223; *Farnum* v. *Davidson*, 3 Cush. 232.

METCALF, J. The court are of opinion, that what passed between the defendant and Ellen Sullivan was not such a delivery, actual, constructive, or symbolical, of the swine, as gave a title to the defendant, which he can maintain against a subsequent *bona fide* purchaser, to whom actual delivery was made. See *Packard* v. *Wood*, 4 Gray, 307.

*Exceptions sustained.*