## BRAND v. FOCHT.

June, 1867.

Affirming 3 *Robt.* 426; S.C., 30 *How. Pr.* 313.

Under the provision of the statute of frauds,—declaring that a sale of personal property for fifty dollars, or more, without writing or part payment, is void, unless the buyer shall accept and receive part of the goods,—there must be a delivery by the seller, with intent to vest the right of possession in the buyer, as well as an actual acceptance by the latter, with the intent of taking possession as owner.

If the buyer obtains a bill of lading from the seller, without any intention on the part of the seller to deliver it, and insists on retaining possession, against the remonstrance of the seller, he cannot avail himself of it to make out his title.

Christian Brand sued Hiram Focht and Robert Gunson, in the New York superior court, to recover possession of a boatload of coal.

The complaint averred that the plaintiff was the owner of one hundred and seventy-two tons of coal, laden on

board the barge Ocean Queen; that the defendants became possessed of the same, and detained it from the plaintiff, wherefore plaintiff demanded that the defendants should deliver the same to him or pay him the value thereof. The defendants denied all the allegations of the complaint, and set up that the property in question belonged to two other persons. On the trial it appeared that in March, 1863, the plaintiff, who was a coal dealer, purchased of the defendants, also dealers in coal, a boat-load of coal, and the price agreed on was six dollars a ton. "It was to be delivered in from twelve days to two weeks—within two weeks." The coal did not arrive in the city of New York until May 8. The defendants then proposed to sell the coal to the plaintiff at six dollars and fifty cents per ton, and made out a bill therefor, amounting to seven hundred and seventy-four dollars, and annexed it to the bill of lading for the coal, and sent the same by their clerk to the plaintiff, telling him he could have the coal at that price. Plaintiff refused to receive and take it at that price, insisting that he had purchased it at six dollars a ton. He then detached the bill of lading from the bill rendered, and returned to the clerk the latter, but retained the bill of lading. The clerk demanded it from him, but he refused to deliver it, insisting that the bill of lading was his. The clerk then told him he could not have the coal. The plaintiff then commenced this action.

At the trial the complaint was dismissed; and on appeal the judgment of dismissal was affirmed by the superior court at general term; on the same ground as that taken in the opinion below. Reported in 3 *Robt.* 426; S. C., 30 *How. Pr.* 313.

The plaintiff appealed to this court.

*Benjamin T. Kissam,* for the plaintiff, appellant.—That the plaintiff, the consignee, had such an interest in the coal as to entitle him to maintain this action, cited Fitzhugh *v.* Wiman, 9 *N. Y.* (5 *Seld.*) 559; 3 *Kent Com.* 207–214, marg. p.; Chandler *v.* Belden, 18 *Johns.* 157; Dows *v.* Greene, 24 *N. Y.* 638–643; Zachrisson *v.* Ahman, 2 *Sandf.* 73–74; Bank of Rochester *v.* Jones, 4 *N. Y.* (4 *Comst.*) 497; 3 *Kent Com.* 216, marg.; People *v.* Haynes, 14 *Wend.* 565; United Ins. Co. *v.*

Scott, 1 *Johns.* 115; 2 *Kent Com.* 499; The Merrimack, 8 *Cranch*, 317–327; 2 *Kent Com.* 499, marg. p.; Gibson *v.* Stevens, 8 *How. U. S.* 384; Stanton *v.* Small, 3 *Sandf.* 230. As to the statute of frauds; McKnight *v.* Dunlop, 5 *N. Y.* (1 *Seld.*) 537; Waldron *v.* Romaine, 22 *N. Y.* 368; Boutwell *v.* O'Keefe, 32 *Barb.* 434; Gray *v.* Davis, 10 *N. Y.* (6 *Seld.*) 285. That the sale was without condition; Smith *v.* Lynes, 5 *N. Y.* (1 *Seld.*) 41. That plaintiff had a good cause of action against Gunson; 3. *Kent*, 214. Fitzhugh *v.* Wiman, 9 *N. Y.* (5 *Seld.*) 559. Equally against defendant Focht; Latimer *v.* Wheeler, 30 *Barb.* 485; Van Neste *v.* Conover, 20 *Id.* 547; Nichols *v.* Michael, 23 *N. Y.* 264.

*D. Hawley*, for the defendants, respondents;—Cited, as to statute of frauds; Shindler *v.* Houston, 1 *N. Y.* (1 *Comst.*) 261; Ely *v.* Ormsby, 12 *Barb.* 570; Meredith *v.* Meigh, 22 *Eng. L. & Eq.* 91; Frostburgh Mining Co. *v.* N. E. Glass Co., 9 *Cush.* 115; Jones *v.* Bradner, 10 *Barb.* 193. As to the effect of the bill of lading and its delivery; Bank of Rochester *v.* Jones, 4 *N. Y.* (4 *Comst.*) 497; Mitchell *v.* Ede, 11 *Ad. & E.* 888; Williams *v.* Allen, 12 *Pick.* 297; Buffington *v.* Curtis, 15 *Mass.* 528; Philips *v.* Bristolli, 2 *Barn. & C.* 511; Clark *v.* Tucker, 2 *Sandf.* 157; Acraman *v.* Swift, 8 *Man. Gr. & S.* 449; Shindler *v.* Houston, 1 *N. Y.* (1 *Comst.*) 261; 2 *Kent*, 496; Baker *v.* Cuyler, 12 *Barb.* 667; Brackett *v.* Barney, 28 *N. Y.* 333; Harris *v.* Smith, 3 *Serg. & R.* 20; Seymour *v.* Davis, 2 *Sandf.* 239. That the consignor had the right to impose a condition, on the delivery of the bill of lading, that plaintiff must pay six dollars fifty cents; Mitchell *v.* Ede, 11 *Ad. & E.* 888; *Abb. on Shipp.* 328. That defendants were only agents; Clark *v.* Skinner, 20 *Johns.* 465; and Gunson, an innocent bailee, is not liable without a previous demand; Fuller *v.* Lewis, 3 *Abb. Pr.* 383.

BY THE COURT.—DAVIES, Ch. J. [After stating the facts.] —This case presents no serious difficulty. The case of Shindler *v.* Houston, 1 *N. Y.* (1 *Comst.*) 261, is quite decisive. In this case, as in that, the contract of sale not being in writing, and as no part of the purchase money was paid by the vendee,

the contract was void by the statute of frauds (2 *R. S.* 136, § 3, subd. 3), unless the buyer " accepted and received " the whole or part of the property. In the present case it is not asserted that any part of the purchase money was paid, or that there was any delivery of the property in whole or in part, except the alleged symbolical delivery, evidenced by the bill of lading which the plaintiff got into his possession.

A delivery of the property, to satisfy the requirements of the statute, must be a delivery by the vendor, with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter, with the intent of taking possession as owner; and this rule can only be satisfied by something done subsequent to the sale, unequivocally indicating the mutual intentions of the parties. Shindler *v.* Houston, *supra.* Now, it is quite clear that these vendors never did, and never intended to, make any delivery of the coal in whole or in part, to this plaintiff, upon the contract of sale which he sets up. And it is equally clear that they never delivered the bill of lading with any intent to complete and perfect the sale. Nay, it is very manifest that they never intended to part with the bill of lading, except upon the condition and understanding that the plaintiff would purchase the cargo of coal therein mentioned, at the rate of six dollars and fifty cents a ton. This he peremptorily declined to do, and detained the bill of lading, against the remonstrance of the defendant's agent. He clearly had no right so to detain it, and now setting it up as evidence of the delivery of the coal, under the contract of sale made in March, is a fraud upon the defendants. They never delivered it to the plaintiff with any such intent or for any such purpose, and it cannot now be permitted to the plaintiff that he should avail himself of this bill of lading, thus improperly retained by him, to make a title in himself to this coal.

The contract of sale not being in writing, as no part of the purchase money was paid, and as there was no delivery in whole or in part, of the property purchased, and no symbolical delivery, it follows that the plaintiff was never vested with the title to this coal. He never had possession of it, actual or constructive; he was not the owner, and cannot, therefore, main-

tain this action. On the contrary, the evidence conclusively established that the plaintiff was not the owner of the cargo of coal in controversy, and that he was not entitled to the possession thereof. He never acquired any title thereto. This difficulty is fundamental with plaintiff's right of recovery, and it therefore becomes unnecessary to examine the other question suggested.

The nonsuit was properly granted, and the judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.