WILLIAM E. YOUNG, Appellant, *v.* GRENVILLE M. INGALSBE, as Executor of LYMAN H. NORTHUP. Deceased, Respondent.

Sale — application of Statute of Frauds thereto — acts of seller upon sale of law library insufficient to convey title thereof to purchaser.

1. In the absence of some duly subscribed note or memorandum the Statute of Frauds (Pers. Prop. Law, Cons. Laws, ch. 41, § 31) renders essential to the proof of a valid contract of sale not only evidence of the verbal contract, but also evidence of a receipt and acceptance by the vendee of a part of the goods, or of a payment at the time the oral agreement was made. The participation and assent of both parties to it is necessary. Delivery and receipt of the goods without acceptance is insufficient, and payment implies a receipt and acceptance of the consideration by the party to whom it is made.

2. Plaintiff and deceased owned, with equal interests, a law library. Deceased was indebted to plaintiff and they entered into an oral agreement whereby the plaintiff purchased the interest of the deceased, the purchase price to be applied by the plaintiff upon the indebtedness. Immediately after the time when the agreement was made, the plaintiff accepted of the interest and caused to be pasted upon the backs of the books leather labels with his name printed thereon and took possession, and assumed and still assumes ownership of the books, and gave the deceased credit for the sum agreed upon. *Held*, that the title of the deceased to the books did not pass to the plaintiff by virtue of a receipt and acceptance, because he did no act by which he relinquished his dominion or recognized and confirmed that of the plaintiff over them.

*Young* v. *Ingalsbe*, 151 App. Div. 375, affirmed.

(Argued May 2, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 20, 1912, modifying, and affirming as modified, a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, as far as material, are stated in the opinion.

*Erskine C. Rogers* for appellant. The sale of the books was not void by the Statute of Frauds, and operated as a payment, taking the claim out of the operation of the Statute of Limitations. (Cons. Laws, ch. 41, § 31; *Brabin* v. *Hyde*, 32 N. Y. 519; *Bissell* v. *Balcom*, 39 N. Y. 275; *Jones* v. *Reynolds*, 120 N. Y. 216; *Gray* v. *Davis*, 10 N. Y. 285; *Bowe* v. *Ellis*, 3 Misc. Rep. 94; *Marsh* v. *Rouse*, 44 N. Y. 643; *Shindler* v. *Houston*, 1 N. Y. 261; *Chaplin* v. *Rogers*, 1 East, 191.) The payment was made under circumstances evidencing an intent to acknowledge the existence of a greater indebtedness and a promise to pay the same. (*Adams* v. *Olin*, 140 N. Y. 159; *Crow* v. *Gleason*, 141 N. Y. 189; *Jeff. Co. Nat. Bank* v. *Dewey*, 181 N. Y. 198; *Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *Shoemaker* v. *Benedict*, 11 N. Y. 176; *Kincaid* v. *Archibald*, 73 N. Y. 346.)

*Thomas A. Sherman* for respondent. No title to the books passed and the agreement was void under the Statute of Frauds. (*Young* v. *Ingalsbe*, 138 App. Div. 581; *F. Wool Co.* v. *Utica Trust Co.*, 84 App. Div. 151; *Stone* v. *Browning*, 68 N. Y. 598; *Caulkins* v. *Hellman*, 47 N. Y. 449; Clark on Cont. [2d ed.] 101; *Cook* v. *Millard*, 65 N. Y. 352; *Brabin* v. *Hyde*, 32 N. Y. 519; Burdick on Sales [2d ed.], 33; *Mattice* v. *Allen*, 3 Keyes, 182; *Buskirk* v. *Cleveland*, 41 Barb. 610; *Teed* v. *Teed*, 44 Barb. 96; *Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6.) There was no valid contract of sale in this case to except it from the Statute of Frauds. (24 Am. & Eng. Ency. of Law, 1036; *S. Stove Co.* v. *Holbrook*, 101 N. Y. 45; *Stone* v. *Browning*, 68 N. Y. 598.) The Statute of Limitations is a complete defense to this action. (*Butler* v. *Jones*, 111 N. Y. 212.)

COLLIN, J. The plaintiff claimed, as a creditor, a sum from the estate of Lyman H. Northup, deceased. The Statute of Limitations barred his recovery (except as to

one item allowed by the judgment of the Appellate Division) unless a transaction between the plaintiff and the deceased constituted a sale by the latter to the former of his interest in certain books and the crediting by the former of the price upon the indebtedness, and prevented its application. The question for our determination is: Did the transaction effect that result?

The transaction as found by the referee was: The plaintiff and the deceased owned, with equal interests, a law library. The deceased was indebted to plaintiff and they, at a stated time, entered into an agreement, wholly unwritten, whereby the plaintiff purchased the interest of the deceased, the purchase price to be applied by the plaintiff upon the indebtedness. Immediately after the time when the agreement was made, the plaintiff accepted of the interest and caused to be pasted upon the backs of the books leather labels with his name printed thereon; took possession and assumed and still assumes ownership of the books, and gave the deceased credit for the sum of $77.00 on account of and *pro rata* on the several items of the indebtedness.

The part of the Statute of Frauds relevant to the transaction as it then stood is: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent if such agreement, promise or undertaking: * * * 6. Is a contract for the sale of any goods, chattels or things in action for the price of fifty dollars or more, and the buyer does not accept and receive part of such goods, or the evidences, or some of them, of such things in action; nor at the time, pay any part of the purchase money." (Personal Property Law, Cons. Laws, ch. 41, § 31.)

The statute made void the verbal agreement in the present case unless there was, subsequent to and in pursuance of it, either the acceptance and receipt by the plaintiff of Northup's interest, or the payment by him, at

the time the agreement was made, of the purchase price or a part thereof. The rule of the common law that a mere contract for the sale of goods, where nothing remains to be done by the seller before making delivery, transfers the right of property, although the price has not been paid nor the thing sold delivered to the purchaser (*Olyphant* v. *Baker*, 5 Denio, 379; *Bissell* v. *Balcom*, 39 N. Y. 275) is devitalized by the statute in the cases within its provisions. In those cases the statute renders essential to the proof of a valid contract of sale, not only evidence of the verbal contract, but also evidence of a receipt and acceptance by the vendee of a part of the goods, or of a payment at the time the oral agreement was made. The contract must be authenticated by a prescribed act of the parties in pursuance and part performance of it. The act may originate with the vendor or vendee; with the vendor if a delivery of part of the goods and their acceptance by the vendee is the ground for validating the contract; with the vendee if part payment is relied upon. In either case the participation and assent of both parties to it is necessary. The receipt of the goods by the vendee implies a delivery by the vendor. Delivery and receipt of the goods without acceptance is insufficient, and payment implies a receipt and acceptance of the consideration by the party to whom it is made. (*Hawley* v. *Keeler*, 53 N. Y. 114; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6, 26.) While the statute does not interdict the establishment of the verbal contract by parol testimony, it guards against the misunderstanding, misconception or perjury of the parties by requiring proof of the mutual confirmatory act evidencing intelligence and finality concerning it on the part of each. A writing, of course, evidences the contract as to both parties. Where it is omitted, but the vendee has paid part of the price or the vendor has delivered and the buyer has accepted a part of the goods upon the strength of the agreement, those acts furnish unequivocal evidence of the existence

of a contract of some sort between them, although its terms and the performance of the attesting act must after all depend upon the recollection of witnesses. The design of the statute requires that neither party can create the evidence which shall prove the unwritten contract as against the other. (*Shindler* v. *Houston*, 1 N. Y. 261; *Rodgers* v. *Phillips*, 40 N. Y. 519; *Hinchman* v. *Lincoln*, 124 U. S. 38.)

The facts found by the referee in this case do not establish the contract. Upon the part of the deceased there was merely the naked, verbal agreement. He did not by any act or participation in any act subsequent to it assent to or recognize or confirm it. Each act of the plaintiff was individual and independent. His possession of the books, if had at the time of the agreement, was not on the strength of or pursuant to it, but under another and prior arrangement; and, if acquired subsequent to the contract, was without a delivery and through his sole and exclusive act. Under either hypothesis the title of the deceased to the books did not pass to the plaintiff by virtue of a receipt and acceptance because he did no act by which he relinquished his dominion or recognized and confirmed that of the plaintiff over them. (*Brand* v. *Focht*, 1 Abb. Ct. App. Dec. 185; *Marsh* v. *Rouse*, 44 N. Y. 643; *Stone* v. *Browning*, 68 N. Y. 598; *Rourke* v. *Bullens*, 74 Mass. 549.)

Manifestly the contract was not made valid by the credit given the deceased by the plaintiff and for two reasons: It was not made at the time of the agreement; the deceased was not in any way an actor in regard to it. (*Hunter* v. *Wetsell*, 57 N. Y. 375; *Brabin* v. *Hyde*, 32 N. Y. 519; *Matthiessen & Weichers Refining Co.* v. *McMahon's Admr.*, 38 N. J. L. 536.)

The judgment should be affirmed, with costs.

Cullen, Ch. J., Werner, Willard Bartlett, Chase and Hogan, JJ., concur; Hiscock, J., absent.

Judgment affirmed.