# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1923.

---

Illinois Meat Company, Appellant, v. American Malt
and Grain Company, Appellee.

Gen. No. 27,712.

1. FRAUDS, STATUTE OF—*sufficiency of averments of statement of
claim as to making of memorandum of sale of goods.* In an action
for damages for breach of a contract to sell certain motors, the
statute of frauds is not avoided by an averment in the statement
of claim, which sets up a verbal contract of sale of motors, that
an agent of the seller caused a memorandum of the transaction to
be made in writing, where there is no allegation that such memo-
randum was signed by the seller.

2. FRAUDS, STATUTE OF—*when delivery of chattels verbally sold
is not alleged in statement of claim.* A statement of claim for
damages for breach of a verbal contract of sale of certain motors
which were attached to the seller's premises at the time of the
making of the contract, that servants of buyer went to the seller's
premises and disconnected and unfastened the motors and that
"the delivery to the plaintiff was then and there complete" does
not allege delivery which takes. the case out of the statute of
frauds where there is no allegation that the seller intended such
act to constitute delivery to the buyer, it being further alleged
that the seller refused to accept the check for the agreed purchase
price then tendered it by the buyer's servants and to permit the
servants to remove the motors.

(311)

3. FRAUDS, STATUTE OF—*when sufficiency of statement of claim to avoid statute raised by motion to strike.* A motion to strike plaintiff's statement of claim in an action for damages for the breach of a verbal contract to sell chattels raises the sufficiency of the allegations of the statement of claim to avoid the statute of frauds.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed May 9, 1923.

HENRY M. HAGAN, for appellant.

PETIT, CUMMINGS & SNIDER, for appellee; F. W. SNIDER, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff, Illinois Meat Company, sued the defendant, American Malt and Grain Company, to recover the difference between the price the plaintiff had been required to pay in purchasing certain motors in the open market and the price which the plaintiff claimed the defendant had agreed to sell such motors for, the plaintiff having been obliged to go into the open market and buy the motors because of the alleged breach of the defendant to sell as agreed.

The plaintiff filed a fourth amended statement of claim in which it set forth that the plaintiff had verbally purchased from the defendant five motors for the sum of $820.50; that after said oral agreement had been entered into, one, Lewis, acting for the defendant, caused a memorandum of the transaction to be made in writing; that under the terms of the contract, the motors were to be delivered to the plaintiff on the defendant's premises. It would appear from the allegations that the motors at the time of the alleged contract, to purchase and sell, were in use on the defendant's premises, or had been prior to that time.

Illinois Meat Co. v. American Malt and Grain Co., 229 Ill. App. 311.

The statement of claim referred to alleged further that the plaintiff made out a check for the purchase price of the motors and that certain persons, representing the plaintiffs, went to the defendant's premises and disconnected and unfastened the motors, and the statement of claim proceeds to allege that "the delivery to the plaintiff was then and there complete" and that the plaintiff then tendered the defendant its check, whereupon, the defendant refused to permit the plaintiff to remove the motors from the premises. It was further alleged that the plaintiff afterwards purchased similar motors in the open market for $1,394, wherefore, it brought this suit to recover the difference between that amount and the contract price, or $573.50. On motion of the defendant, the trial court struck this amended statement of claim from the files, on the ground that it was insufficient and failed to state a cause of action. The plaintiff elected to stand by the amended statement of claim, whereupon, judgment was entered for the defendant, to reverse which the plaintiff has perfected this appeal.

We shall treat the motion of the defendant to strike the plaintiff's amended statement of claim as a demurrer. In our opinion, the trial court did not err in granting the motion to strike. The contract was a verbal one. It was clearly within the statute of frauds. Cahill's Ill. St. ch. 121a, sec. 7. It failed to set up any facts avoiding the statute. Although the statement of claim alleged a memorandum in writing, made by an agent of the defendant, there was no allegation that the memorandum had been signed by the party to be charged, nor do the allegations in the statement of claim show that the plaintiff had accepted the motors and actually received the same, or given anything in earnest, to bind the contract. The plaintiff attempted to allege such facts as would show a delivery to it. In order to fulfill the requirements of the statute, so as to avoid its effect, there must be a delivery of the goods sold, from the seller to the buyer, and an ac-

ceptance by the buyer, with an intent on the part of both parties of vesting the right of possession in the buyer. In order to determine whether or not the buyer has accepted and received the goods and the seller has delivered them to the buyer, with the intention of vesting the right of possession in him, it is necessary to consider the intention of the parties, as shown by what they did. Of course, the intent must be mutual, on the part of the seller to deliver to the buyer, and on the part of the buyer to accept from the seller. Either party alone may not effect a delivery and acceptance. 27 C. J. 244; *Chicago Metal Refining Co. v. Jerome Trading Co.,* 218 Ill. App. 333. As above stated, the allegations in the plaintiff's fourth amended statement of claim failed to remove his verbal contract from the statute of frauds. It is apparent from the allegations in the statement of claim that the contract was within the statute. The defendant's motion to strike was sufficient to raise the question of the sufficiency of the allegations contained in the statement of claim.

For the reasons stated the judgment of the municipal court is affirmed.

*Judgment affirmed.*

TAYLOR and O'CONNOR, JJ., concur.