## Wm. R. Johnston Manufacturing Company, Appellant, v. Hamilton Glass Company, Appellee.

### Gen. No. 34,931.

Opinion filed April 6, 1931.

DANIEL WEBSTER, for appellant; O. I. BINGAMAN, of counsel.

HENRY H. KOVEN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit claiming $1,250 from defendant as the price of an inventory of glass which plaintiff alleged it had sold to defendant but which defendant failed to take. At the conclusion of plaintiff's testimony, upon motion, the court instructed the jury to find for the defendant and from the adverse judgment plaintiff appeals.

The defense asserted is that the alleged sale being for more than $500 and the defendant not having accepted nor received the goods nor any part thereof nor given anything as earnest money, and there being no note or memorandum in writing of the contract of sale signed by defendant, plaintiff, under the Statute of Frauds, is not entitled to enforce this action. Chapter 121a, paragraph 7, Illinois Statutes, Cahill, is as follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after the delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

Plaintiff admits that none of the conditions are present which would take the case out of the statute except

it is claimed that there was an acceptance by defendant of the goods and that it actually received the same.

Plaintiff's testimony was to the effect that on or about May 1, 1928, Mr. Shapiro, president of the defendant company, called at plaintiff's place of business and told Mr. Johnston, president of the plaintiff company, that he had called to look at some glass which was mentioned in a circular letter sent out by plaintiff. Johnston showed him the glass and after some bargaining Shapiro agreed to buy the same at the price of $1,250 and promised to send plaintiff a 90-day note in payment; that Shapiro inquired, "How long will you give me to pick up the stuff if I buy it?" and in answer to the question as to how long he wanted, inquired, "Can I leave it for three weeks?" and was told this was agreeable; that Shapiro said he would take the goods and send his note just as soon as he got back to the office. Subsequently, an invoice was sent to defendant by mail. The goods remained with plaintiff. About the middle of June plaintiff upon calling up defendant was informed that Mr. Shapiro had changed his mind and did not want the glass.

The facts in this case are in all essential respects similar to those involved in *Chicago Metal Refining Co. v. Jerome Trading Co.,* 218 Ill. App. 333, where it was held that plaintiff could not maintain its action as the defendant did not at any time "actually receive" the goods, the opinion saying that:

"Actual and intentional receipt of the goods by the buyer is essential to satisfy the provisions of the statute, even though before delivery the buyer expresses by words or conduct his assent to becoming the owner of the specific goods."

To the same effect is *Illinois Meat Co. v. American Malt & Grain Co.,* 229 Ill. App. 311, where it was held that, although the statement of claim which had been stricken alleged a memorandum of sale, there

was no allegation that the memorandum had been signed by the party to be charged and the statement also failed to show that the goods had been accepted and actually received.

We cannot agree with the contention that the agreement testified to by plaintiff that the goods should remain in the possession of the plaintiff for three weeks is an implied delivery to defendant. The language of the statute is that to charge the defendant the goods must be "actually received." By the second provision the statute is made to apply to every oral contract or sale "notwithstanding that the goods may be intended to be delivered at some future time." The only exception to the provision requiring actual delivery is where the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others.

The cases cited by plaintiff are all distinguishable from the case at bar. A typical case cited by it is *Sparta Produce Exchange v. Wilson & Co.*, 223 Ill. App. 126, where the goods were delivered to a carrier and a cold storage plant pursuant to the directions of the buyer. Another typical case is *Flanigan v. Waterman*, 191 N. Y. S. 646, in which the goods were on a boat belonging to a common carrier and after the oral sale the captain of the boat notified the purchaser, who promised that the goods would be unloaded some time later. Subsequently the purchaser addressed a letter to the seller stating that he would not be able to send the seller any funds for the goods until the unloading had been started and another letter was written by the purchaser complaining of the quality of the goods. The court held that these and other circumstances indicated an acceptance and the receipt of the goods by the purchaser.

Plaintiff suggests that the invoice sent to defendant was such a memorandum as takes the case from with-

out the statute. It has been held otherwise in *W. F. Hall Printing Co. v. Wells Warehouse & Forwarding Co.*, 241 Ill. App. 146, where after extended discussion the court held that such an invoice is not a memorandum of sale and certainly it cannot be held to be a writing signed by the party sought to be charged.

It is asserted that there was a partial delivery of the goods to defendant, but the evidence does not bear this out. Plaintiff's president testified that the glass was contained in large boxes, some weighing as high as three tons; that there were sixty thousand pounds of glass altogether. The only thing giving any basis for the claim of partial delivery was the testimony that Mr. Shapiro, defendant's president, asked for a piece of glass and one piece 6x24 inches was wrapped up and given to him. The witness was asked whether or not this was a sample and replied that he did not know. This incident cannot be called a delivery of part of the goods. Compared with the bulk, the small piece taken was simply a sample.

Considering all the evidence, both that admitted and that offered and rejected, we hold that plaintiff was unable to produce sufficient evidence to take the transaction out of the statute of frauds and therefore cannot maintain its action. The peremptory instruction to the jury was proper and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.