Edward A. Maher, 3rd, and Another, as Trustees under Paragraph Seventh of the Last Will and Testament of Frances G. Maher, Deceased, Respondents, v. Jane Randolph, Appellant.

First Department, October 30, 1936.

*Louis Bevier*, for the appellant.

*William Russell Bogert* of counsel [*Pearce H. E. Aul* with him on the brief], for the respondents.

Townley, J. This action was brought to recover damages for breach of an oral contract of sale of 240 shares of stock representing the ownership of an apartment and three pairs of draperies. An oral

contract for the sale of the stock and draperies was admittedly made. The defendant, however, pleaded the Statute of Frauds. The learned trial justice found that there had been a partial performance of the contract by the delivery of the curtains and accordingly gave judgment for the plaintiffs.

Disregarding any other points made on the appeal, we hold that the conversation regarding the curtains did not amount to an acceptance of the curtains as part performance of the contract.

The parties had met on May 5, 1935, at which time the defendant, who was already a tenant in possession of the apartment, had a conversation with the owner and seller in the apartment. She said in effect that she would buy the apartment for $4,000. In the course of that conversation the question came up whether the draperies would be left on the windows. It was finally agreed that the curtains should be included in the sale. It was contemplated that there would be a further closing and delivery of the stock. The conversation regarding the curtains did not mean that there was at that time a *delivery* of the curtains, which were already in the possession of the defendant as part of the demised premises which she was occupying. It meant rather that when the contract was performed the curtains would be included in the sale and become the property of the buyer. It would be, it seems to us, a complete misinterpretation of the intentions of the parties to hold that the evidence justifies a finding that the seller intended to deliver the curtains as the absolute property of the buyer at this meeting or that the buyer had any idea that she was accepting the curtains in part performance thereof.

The argument of the respondents is that if a bailor and a bailee enter into a contract under which the bailee agrees to buy the article of which he has possession, there is an actual receipt of the property within the meaning of the Statute of Frauds (Restatement of the Law of Contracts, § 202 [1b]).

The rule in New York, however, has long been different. The Court of Appeals in *Young* v. *Ingalsbe* (208 N. Y. 503, 506) said: " The contract must be authenticated by a prescribed act of the parties in pursuance and part performance of it. The act may originate with the vendor or vendee; with the vendor if a delivery of part of the goods and their acceptance by the vendee is the ground for validating the contract; with the vendee if part payment is relied upon. In either case the participation and assent of both parties to it is necessary." In that case part of a law library had been sold to the plaintiff. He was already in possession of it.

However, he put new marks on the backs of the books and gave credit for the amount in his account books with the seller. Nevertheless, the court held that on the part of the seller there was merely the naked verbal agreement. The court further said:

" He did not by any act or participation in any act subsequent to it assent to or recognize or confirm it. Each act of the plaintiff was individual and independent. His possession of the books, if had at the time of the agreement, was not on the strength of or pursuant to it, but under another and prior arrangement; and, if acquired subsequent to the contract, was without a delivery and through his sole and exclusive act. Under either hypothesis the title of the deceased to the books did not pass to the plaintiff by virtue of a receipt and acceptance because he did no act by which he relinquished his dominion or recognized and confirmed that of the plaintiff over them. (*Brand* v. *Focht,* 1 Abb. Ct. App. Dec. 185; *Marsh* v. *Rouse,* 44 N. Y. 643; *Stone* v. *Browning,* 68 N. Y. 598; *Rourke* v. *Bullens,* 74 Mass. 549.)

" Manifestly the contract was not made valid by the credit given the deceased by the plaintiff and for two reasons: It was not made at the time of the agreement; the deceased was not in any way an actor in regard to it."

In the case at bar the requirements of the New York rule were not met, and on the law and the facts there was not an " acceptance " within the meaning of the statute. (Pers. Prop. Law, § 85.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.