NORTH AMERICAN INSTRUMENT CO., INC., Respondent, v. MONARCH SALES CO., INC., Appellant.— On the facts disclosed in this record we hold that the check was given and received in part payment of the purchase price of the merchandise at the time the check was delivered by defendant's president and the finding of the trial court to the contrary is reversed (see *Ablett Co.·* v. *Sencer,* 130 Misc. 416, 418). Judgment unanimously affirmed, with costs. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See *post,* p. 996.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIGMUND HEIDINGSFELDER, Appellant, against LAURA ALSTOCK, Respondent.— Orders appealed from affirmed, without costs and without prejudice to another application by relator showing the stability of his present marital relationship, his own fitness for custody and the suitability of his home for the proper care and protection of the infant, and establishing to the satisfaction of the court that the best interests and welfare of the child will be served by a change in custody. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.; Van Voorhis, J., dissents and votes to reverse and award custody of the child to the father.

In the Matter of the GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF HEDDA JEWEL CO., INC. SYDNEY B. LEVY, Assignee-Appellant; SAMUEL DURST et al., Respondents.— Order appealed from unanimously reversed, with $20 costs and disbursements to the appellant, and the sale by the marshal vacated, upon the ground that more property was sold under the execution than that which was specified in the marshal's notice of sale. The judgment-debtor's assets having been transferred to an assignee for the benefit of creditors, the respondent purchaser should be directed to restore to said assignee the property coming into his hands by reason of the sale. In disposing of this property, the assignee must recognize that the judgment-creditor obtained a lien upon certain of these assets by levy made prior to the taking effect of the assignment for the benefit of creditors. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

EMMA FLEMING et al., Appellants, v. GEORGE SICKLES REALTY CORP., Respondent.— Plaintiffs' proof established a prima facie case and it was error for the trial court to dismiss at the close of plaintiffs' case. Judgment dismissing the complaint unanimously reversed and a new trial ordered, with costs to abide the event. Present — Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ.