**Robert PRESTI, Plaintiff,**

v.

**Ralph C. WILSON, Jr., individually and doing business as Oxford Stable, Defendant.**

**No. 72-C-741.**

United States District Court, E. D. New York.

Sept. 27, 1972.

---

Marino, Bernstein & La Marca, Oyster Bay, N. Y., for plaintiff by Anthony J. La Marca, Oyster Bay, N. Y., of counsel.

Raichle, Banning, Weiss & Halpern, Buffalo, N. Y., for defendant by Ralph L. Halpern, Buffalo, N. Y., of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

A motion by defendant seller in this diversity contract action asks summary judgment against plaintiff buyer on the basis of the statute of frauds. The action is one for damages for failure to complete the sale of a race horse.

### Facts

The complaint asserts that plaintiff made an oral agreement with the defend-

ant by a telephone call in October 1970 to buy a thoroughbred "Goal Line Stand" for the sum of $60,000, that he sent defendant a form of bill of sale and a check for the $60,000, post-dated December 1, 1970, and that defendant retained the check. It is asserted that defendant told plaintiff in a later conversation that he wished not to consummate the transaction until after January 1, 1971 for tax reasons, and that he would send the foal certificate in February 1971. The check was neither deposited nor negotiated, but plaintiff asserts that he kept money in his account to meet it.

Defendant asserts by answer and by affidavit that he never agreed to sell "Goal Line Stand" to plaintiff, that he never received a check from plaintiff for "Goal Line Stand," and that he never received the bill of sale which plaintiff describes.

Plaintiff's claim is supported by a copy of his check stub and by the affidavit of his executive assistant, who says that he monitored both telephone calls and prepared and mailed the bill of sale and the check.

### The Law

■ The sale of a horse is governed by the Uniform Commercial Code covering sales of goods. The statute of frauds contained therein, U.C.C. § 2–201, states:

> (1) . . . a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker . . . .
>
> . . . . . .
>
> (3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . .
>
> (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in

court that a contract for sale was made . . . .

> or
>
> (c) with respect to goods for which payment has been made and accepted or which have been received and accepted.

Plaintiff seeks to avoid the statute of frauds on the basis of the two exceptions quoted, first that the statute would not apply if defendant admits that the contract was made, and second that it does not apply where payment was made and accepted.

The cases are not consistent on the right to enforce an oral contract if the adversary can be induced to admit that the contract was made. There is New York law indicating that an admission in a deposition is involuntary and does not take the case out of the statute of frauds. Smith v. Muss, 203 Misc. 356, 117 N.Y.S.2d 501 (1952). There is contrary law in New Jersey. Cohn v. Fisher, 118 N.J.Super. 286, 287 A.2d 222 (1972). The New York decision dealt only with the question whether a deposition was a "memorandum" of the sale, since the Uniform Commercial Code, with its express exception for an admission of the contract, had not yet been adopted. See Stevens, Ethics and the Statute of Frauds, 37 Corn.L.Q. 355, 381 (1952).

In any event, the exception for a party who admits the making of a contract is not applicable here, since the defendant has denied under oath that any agreement for sale was ever made with plaintiff.

Plaintiff's second argument depends on establishing that the receipt and retention of a post-dated check constitutes payment and acceptance, even though the seller denies receiving the check and never negotiated it, and the check was stale before the suit was brought.

■ The statute of frauds permits a party to welch on an oral bargain, in order to avoid the risk that an oral contract may be proved by fraudulent testimony. The exceptions for part perform-

ance or payment and acceptance both involve mutual participation and not unilateral acts.

■■ Defendant's liability should be tested by the rule set forth by the New York Court of Appeals in Young v. Ingalsbe, 208 N.Y. 503, 507, 102 N.E. 590, 591 (1913), that

The design of the statute requires that neither party can create the evidence which shall prove the unwritten contract as against the other.

The cases indicate that both the copy of plaintiff's check stub and the assertions of plaintiff and his executive assistant are ineffective as evidence which could be created by the plaintiff.

■ Issuance and acceptance of a check has been treated as payment and acceptance, permitting suit by the seller, even if the buyer subsequently stopped payment. Charles R. Ablett Co. v. Sencer, 130 Misc. 416, 224 N.Y.S. 251 (1927); North American Instrument Co., Inc. v. Monarch Sales Co., Inc., 273 App.Div. 892, 78 N.Y.S.2d 561 (1948). The result may be different where the check does not show on its face that it constituted payment for the goods. Hessberg v. Welsh, 147 N.Y.S. 44 (1914– Seabury, J.). In the *Ablett* and *North American* cases, there was no dispute that the check had been received and accepted, whereas those crucial facts are denied by the defendant in this case.

Cases where the seller sues do not necessarily govern suits by a buyer. As against the buyer, his check may constitute a memorandum of the sale, if it refers to the goods in question. As against the seller, his endorsement of the check gives some objective evidence of receipt and acceptance of payment, even if the check is subsequently dishonored. Cohn v. Fisher, *supra,* 118 N.J. Super. 286, 287 A.2d 222. This was the situation in Ward v. Coward, 112 N.Y.S. 2d 628 (Sup.Ct.Erie Co. 1952), rev. on other grounds, 281 App.Div. 798, 119 N. Y.S.2d 492 (4th Dept. 1953), which plaintiff cites. Where the seller has not endorsed or negotiated the check, however, there is no objective evidence of his assent to the sale.

■ Both payment and part performance, as exceptions to the statute of frauds, are based on the requirement of objective evidence of the assent of both parties. Hawley v. Keeler, 53 N.Y. 114, 119 (1873).

■ Two threads run throughout the cases considering part performance or payment as an escape from the statute of frauds. First, payment without acceptance of the payment is not sufficient; tender alone does not constitute payment. Cooper v. Pederson, 29 Ill. App.2d 384, 173 N.E.2d 549 (1st Dist. 1961); Show of the Month, Inc. v. Shubert Theatre Corp., 202 Misc. 379, 109 N.Y.S.2d 484 (1951); Santi v. Denver & Rio Grande Western Railroad Co., 21 Utah 2d 157, 442 P.2d 921 (1968). Second, there must be some objective manifestation referable to payment and acceptance. Young v. Ingalsbe, *supra,* 208 N.Y. 503, 102 N.E. 590.

Assuming here that plaintiff made a tender of payment, the only alleged act by defendant which would manifest an acceptance of the payment is his statement that the check would be held until 1971 to gain a tax advantage. This is evidence which the plaintiff could create, and therefore is not an objective manifestation of assent to the contract.

The policy justification for the statute of frauds is hotly contested by legal scholars. The statute of frauds has been attacked in this country as an anachronism, and it was repealed in 1954 in England. 2 Corbin, Contracts (1950) 8–9 and p. 3 of 1971 pocket part. As long as the statute remains in effect in this country, however, enforcement of an oral contract should require more than plaintiff has shown here.

It is ordered that defendant's motion be granted and that the complaint be dismissed.