**AUTOMOTIVE SPARES CORP.,**
**Plaintiff,**

v.

**ARCHER BEARINGS COMPANY,**
**Defendant.**

**No. 72 C 2089.**

United States District Court,
N. D. Illinois.

Sept. 23, 1974.

Marvin Glassman, Chicago, Ill., for plaintiff.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller by Jerome A. Frazel Jr., William J. Holloway and Morton J. Barnard, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on defendant's motion for a judgment on the pleadings.

This is an action seeking to redress the alleged breach of contract by the defendant, Archer Bearing Company ("Archer"), in that the defendant failed to deliver to the plaintiff, Automotive Spares Corp. ("Automotive"), certain bearings. The plaintiff seeks the following damages: (1) in the amount of $32,741.50 for loss from the resale of certain of the said materials; (2) in the amount of $31,734.04 for the price differential of other such material on the open market at the price usually and customarily charged therefor; and (3) the potential damages in turn sustained by the plaintiff by reason of its breach of the said contract to sell certain of the contracted for materials to various customers.

Defendant, in support of its motion argues that this action is based on an oral contract and is thus barred by the Statute of Frauds. Plaintiff contends that the action is not barred because of an invoice sent by Archer to Automotive. Archer claims that such an invoice is insufficient to indicate a contract between the parties because it bears no signature. In support of its position Archer cites Johnston Manufacturing Co. v. Hamilton Glass Co., 261 Ill.App. 308, which was decided in 1931 before the advent of the Uniform Commercial Code (UCC).

The UCC has made many significant changes in commercial law in an attempt to codify and simplify the legal relationship between parties such as the merchants involved in this case. Section 2–201 of the code provides:

"(1) Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph be-

yond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received."

In this case Archer sent Automotive a document which appears to be an invoice or statement No. 78812 on a form containing a letterhead and identification markings of the defendant. This document seems to demonstrate to whom the merchandise was sold, the date of the sale, the quantities and description of the items and the price.

A reading of the Code Comments indicates that the normal use of Section 2–201(2) is to bind the recipient of the confirmation letter and not the sender. However, reading Sections 2–201(2) and 2–207(3) indicates an intention of the Code authors to not allow the Statute of Frauds to act as a bar in situations wherein merchants by their conduct and normal course of dealings enter contracts which may be verbal at the outset.

The net effect, however, is simply to take away from the merchant who fails to object within 10 days the threshold defense of the Statute of Frauds. The burden of persuading the trier of fact that a contract was in fact made still rests upon the plaintiff. See Uniform Commercial Code Comment S.H.A. Ill.Rev.Stat., Chap. 26 § 2–201 p. 114. Even though Section 2–201 does not deal directly with the situation presented here, it is nevertheless clear that the document in question could suffice as a writing in confirmation.

What is even more important is that the facts in this case show the invoice was sent by Archer. Now Archer claims that they are not bound by it because it was not signed. Section 2–201 requires that the writing indicating a contract must be signed by the party against whom enforcement is sought. Reference to the comments indicates the following definition of "signed":

"39. Signed. New. The inclusion of authentication in the definition of 'signed' is to make clear that as the term is used in this Act a complete signature is not necessary. Authentication may be printed, stamped or written; it may be by initials or by thumbprint. It may be on any part of the document and in appropriate cases may be found in a billhead or letterhead. No catalog of possible authentications can be complete and the court must use common sense and commercial experience in passing upon these matters. The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing."

This Court recognizes the need to use common sense and commercial experience in regards to this signature question. Often times merchants exchange documents which control the transaction that do not bear their signature. The facts show that Archer sent the document bearing its letterhead containing the essential terms. This conduct is more convincing than the fact that the document does not contain a formal signature. An invoice containing a letterhead, quantity designations, and price terms has been heretofore found sufficient under the UCC. See Associated Hardware Supply Co. v. Big Wheel Distributing Company, 355 F.2d 114 (3rd Cir. 1966).

This Court's decision should not be construed as a finding that a contract did exist between plaintiff and defendant. The burden of persuading the trier of fact that an oral contract was made prior to sending the document which acted as a confirmation remains the same. Campbell v. Yokel, Ill.App., 313 N.E.2d 628 (1974).

Accordingly, defendant's motion for judgment on the pleadings is denied.