THE LA SALLE COUNTY MANUFACTURING COMPANY, Appellants,
*v.* THE CITY OF OTTAWA.

APPEAL FROM LA SALLE COUNTY COURT.

A lease for a term exceeding ten years of lands belonging to the State, including canal lands, etc., with the improvements, may be taxed, and the interest of the tenant sold. It would seem that it may be sold on execution.

The judgment should be against the leasehold interest, where it is rendered for non-payment of taxes.

THIS was an application by the defendant in error, at the December term of said La Salle County Court, 1854, for a judgment against lot 4, in block 21, in the town of Ottawa, for the non-payment of the corporation tax assessed on the leasehold interest of plaintiffs in error, in mills and machinery erected on said lot.

The record shows that the application was resisted by plaintiffs in error, for the reason that the fee in said lot was, at the

time of the assessment of the tax and the application for judgment, in the trustees of the Illinois and Michigan canal.

It also shows that plaintiffs in error were lessees of the lot aforesaid, having leased the same of the La Salle Hydraulic Company, for the term of twenty years. The lessors having a lease thereof from the trustees of the canal.

It also appears that plaintiffs in error were the lessees of defendant in error of said lot.

The application for judgment against said lot was granted by said County Court, and a judgment against said lot, or so much thereof as was necessary to pay the tax assessed and the costs of the proceeding, was rendered by the County Court.

The question is, was the leasehold interest of plaintiffs in error liable for the corporation tax at all, and if so, could it be assessed as real estate, and a judgment rendered against the lot for the non-payment of the taxes.

HOLLISTER and CAVARLY, for Plaintiffs in Error.

BUSHNELL and GRAY, for Defendant in Error.

SCATES, C. J. A lease for a term exceeding ten years, of lands belonging to the State, or any religious, scientific, or benevolent society or institution, whether incorporated or not, and school and ministerial lands, shall be considered, for all purposes of taxation, as the property of the person so holding the same, and shall be listed as such, as in other cases. Acts, 1853, p. 39, Sec. 5. Canal lands and lots may be justly considered as the property of the State, within the true intent and meaning of the foregoing section, for the State has an interest in them until sold by the trustees of the canal, for the payment of the land debt due from the State, and upon the full payment of that debt, all the lands and lots, etc., not sold, will revert to the State. Appen. Rev. Stat. 1845, p. 613, Sec. 19.

By its charter, the city of Ottawa is authorized to assess a tax upon all the real and personal property within its limits. Priv. Acts, 1853, p. 310, Article 9, Sec. 1. And if there be no goods and chattels of the owner whereof to levy the taxes, (p. 312, Sec. 8,) the collector may make out a list of the real estate, give notice, and obtain a judgment for the sale of the land for such unpaid taxes, etc., (Secs. 9, 10, ibid.) ; and this may be done before the county court. Acts, 1854, p. 22, Sec. 1.

" Real property " and " land " is defined to include not only the land itself, with all things contained thereon, but all buildings, structures, improvements, and other fixtures thereon, and all rights and privileges belonging, or in anywise appertaining

thereto. Acts, 1853, p. 35, Sec. 2. Under such views of the law-makers as to what shall be taxable real estate, and for reaching a leasehold interest of more than ten years, we cannot doubt but that they intended to treat the leasehold as land, and reach the possession with its improvements, privileges and usufruct, by a proceeding *in rem.* for the enforcement of payment of taxes. The tenant in possession could surely maintain ejectment for the recovery of the possession of his term, if wrongfully ousted or dispossessed.

The difficulty, in the mind of counsel in the argument, seemed to rest upon the assumption that, by the judgment and sale of the land for the taxes, the fee would pass to the purchaser, and so the State would lose title, or the canal trustees, while the lands, as to them, were not taxable; or else nothing would or could pass by the sale.

Such is not the meaning of the provisions referred to; nor the consequences resulting from such a proceeding. We understand the provisions as declaring that such leasehold interests shall be deemed to be the land or real property of the lessee for the purposes of taxation, and the enforcement of their payment. But while the interest of the tenant is to be treated as real estate, or the land of the tenant, it can only be for the purposes of a judgment and sale of his interest, which will, like the fee of the land itself, be capable of the delivery of possession, or a seizin or manucaption by the purchaser, for the enjoyment, possession, and taking the usufruct during the term. The same might be taken and sold on execution; whether as realty or personalty, could make no difference; for if the sheriff could not deliver possession of the land itself, in the name of and as the leasehold interest, like personalty, the purchaser could recover possession in ejectment. This remedy by judgment against the leasehold interest, which carries the actual possession, is not, therefore, inappropriate in fact for such an interest, whatever it may theoretically be, according to the distinctions maintained in law. It is in law of a mixed character of property, and denominated a chattel real. It may be, as we think it has been in these acts, for all practical, business purposes, deemed to be land, and subjected to the specific remedies or actions *in rem.*, as other real estate. And when so treated and proceeded against, we shall not run into the error and confusion of selling or supposing we sell the fee of the land, which may not, as in this case, be taxable. But while we call and treat the leasehold as land, and proceed *in rem.* against it to judgment, and sell it, it is nevertheless but the right of possession and enjoyment of the land under, during and according to the lease.

The leasehold estate is doubtless but a real chattel, and would pass to the executor or administrator, and such would be the character of mere fixtures for mere purposes of trade, etc. *Van Ness et al.* v. *Pacard,* 2 Pet. R. 137. But still, the legislature may, and in this case has, as we think, impressed it with the character of land for the purposes of assessing and collecting taxes. It should be against the leasehold interest as land, that the judgments should be rendered. That, and that alone, is liable to sale, and should be sold under the judgment, and not the fee of the land, which here was not taxable. Even if the fee were taxable, and payable by a different owner, it is easy and practicable to assess the fee estate, and the leasehold estate separately, obtain separate judgments, and make separate sales of the several interests. It is not so simple and easy of appraisement and valuation as the whole would be together, yet it may be done. The distinction between the two estates is made in law, and preserved in administrations, wills, deeds, and in levies and sales on executions. We see no sort of difference in preserving and enforcing it in taxation, nor of treating the leasehold, by the same remedies as the land, in the enforcement of the payment of the taxes.

The terms and phraseology of this judgment are too general and too broad. The assessment was upon the leasehold estate in this lot. The judgment should have described the same estate or interest. By its terms, however, it imports and describes the whole estate or land. For this error, the judgment will be reversed and the cause remanded, to enable the county court to correct the entry, by describing in the judgment, the true estate or interest condemned, and ordered to be sold.

*Judgment reversed.*