(No. 38782.—

THE ILLINOIS STATE TOLL HIGHWAY COMMISSION, Appellee, *vs.* BERNARD J. KORZEN, County Treasurer, *et al.,* Appellants.

*Opinion filed March 18, 1965.*

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS, RONALD BUTLER, and THEODORE M. SWAIN, Assistant State's Attorneys, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, JAMES J. MEJDA, Assistant Attorney General, and EUGENE

KART, Special Assistant Attorney General, (EUGENE KART, and ALEXANDER J. ISAACS, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The county treasurer and other tax officials of Cook County appeal from a decree of the circuit court enjoining them from assessing certain real estate owned by the State Toll Highway Commission. The property consists of so-called "oases" along the toll road at which service stations and restaurants are located. The act grants authority to lease such areas to private parties for these purposes (Ill. Rev. Stat. 1963, chap. 121, par. 314a34), and pursuant thereto they were leased to Standard Oil Company for a 25-year period. The lease contained a provision that the annual rental would be reduced by an amount equal to any *ad valorem* taxes assessed against the leaseholds and improvements.

The circuit court held the leaseholds exempt from taxation by reason of section 18 of the Toll Highway Act, which declares that "all property belonging to the Commission, and the said toll highways, shall be exempt from taxation." (Ill. Rev. Stat. 1963, chap. 121, par. 315a43.) The defendant tax officials rely on section 26 of the Revenue Act of 1939, which provides as follows: "When real estate which is exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his assignee, as real estate." (Ill. Rev. Stat. 1963, chap. 120, par. 507.) A number of decisions are cited holding or declaring leaseholds taxable where the land was owned by the State, school district or other entity enjoying tax exemption. (See *La Salle County Mfg. Co.* v. *City of Ottawa,* 16 Ill. 418; *People* v. *International Salt Co. of Illinois,* 233 Ill. 223; *City of Chicago* v. *University of Chicago,* 302 Ill. 455;

*People ex rel. Paschen* v. *Hendrickson-Pontiac, Inc.* 9 Ill.2d 250.) It is then argued that the legislature's failure to amend section 26 in the light of these decisions, and its failure to specifically exempt leaseholds in the Toll Highway Act, shows an intention to have them assessed under the former.

We are satisfied, however, that the circuit court was correct in reaching a contrary conclusion. In *Illinois State Toll Highway Com.* v. *Eden Cemetery Ass'n* 16 Ill.2d 539, this court held that the Commission could condemn for the use of service area facilities even though they were operated by a private corporation for profit. We pointed out that the use was not a private one, for which the power of eminent domain may not be exercised, because the proximity of facilities for gasoline, food and other necessities of travel promoted the objectives of limited access and safety of travel, that "service stations and restaurants are an integral part of the toll road system, whether they be operated by the Toll Highway Commission or leased to a private corporation who may be better able to carry on the business, thus bringing about the desired result." We think the General Assembly, in providing that "all property belonging to the Commission" without regard to its use, shall be exempt from taxation, meant to include the property here in question.

Such is the conclusion reached by the Supreme Court of New Jersey in *Walter Reade, Inc.* v. *Township of Dennis,* 36 N.J. 435, 177 A.2d 752 (1962), where similar facilities along the Garden State Parkway were leased to Walter Reade, Inc., a private corporation operating them for profit. The township sought to assess the land and buildings against the lessee for local taxation, under a statute which provided, like that of Illinois, that "when real estate exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurten-

ances shall be listed as the property of the lessee thereof, or his assignee, and assessed as real estate." L. 1949, c. 177 (N.J.S.A. 54: 4—2.3).

The statute creating the New Jersey Highway Authority provided in general terms that "the Authority shall not be required to pay any taxes or assessments upon any project or any property acquired or used by the Authority under the provisions of this act or upon the income therefrom, and every project and any property acquired or used by the Authority under the provisions of this act and the income therefrom, and the bonds or notes issued under the provisions of this act, their transfer and the income therefrom (including any profit made on the sale thereof) shall be exempt from taxation." L. 1952, c. 16 (N.J.S.A. 27: 12B—16.)

In holding the facilities exempt under this provision, even in the hands of the private operator to whom they had been leased, the court pointed out that they are "part of the contemplated public use." The court reasoned further that the Authority could operate its facilities either directly or through arrangements with others, that if a lessee had to pay taxes on the property the latter alternative would entail an additional burden on the Authority, since the lessee's taxes must ultimately affect the amount of rental required, and that "It would be strange for the Legislature to enable the Authority to choose among several modes of rendering this public service and then encumber the choice with tax consequences."

We think the General Assembly intended a similar scope to be given to section 18 of the Illinois act. The public purpose in exempting its property from taxation would not be fully recognized if the Commission's authority to provide the services through private agencies were to be burdened by the higher rental which would otherwise result.

It is unnecessary to discuss individually the authorities cited by defendants. They are all distinguishable by the

character of the lessees' operations. In each case the business conducted was of a purely private nature, having no connection with the public function performed by the body from which the land was leased. In the case at bar, as we have sought to show, the service facilities form a part of the toll road system itself, and are essential to public safety and convenience in its operation.

The leaseholds or "oases" are exempt from taxation and may not be assessed to the lessee. The circuit court did not err in granting the injunction, and its decree will be affirmed.

*Decree affirmed.*