MARY T. IVES *et al.*, Plaintiffs-Appellants, *v.* TOWN OF LIMESTONE, Defendant-Appellee.

Third District No. 77-481

Opinion filed August 7, 1978.

Julian E. Cannell and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White and Frederick, of Peoria, for appellants.

Rudolph J. Westphal, of Peoria, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
Plaintiffs, Mary T. Ives, Richard Ives, Susan Richards, Michael J. Richards, Marilyn J. Sullivan, Harry Segler, William K. Stagg, Bessie M. Stagg, Betty J. Lewis and Clara L. Suits, all residents and taxpayers of Limestone Township brought this action for a declaratory judgment against the defendant Town of Limestone. The action sought to declare

that the budget and appropriation ordinance of the township adopted May 14, 1977, was illegal and void because the town officers allegedly failed to comply with the statutory provisions regulating methods of adopting budgets and making appropriations. (Ill. Rev. Stat. 1975, ch. 85, pars. 803, 804.) The trial court dismissed plaintiffs' complaint with prejudice and denied plaintiffs' motion for rehearing which was for leave to file an amended complaint. This appeal timely followed.

The plaintiffs' main claim of error is that the trial court should not have dismissed their complaint because the township budget and appropriation ordinance along with the resulting tax levy were illegal in that they failed to disclose, as was required by statute, the amount of cash on hand at the beginning and end of the year. The thrust of plaintiffs' argument is that the defendant had surplus cash on hand from prior years which it did not show in its appropriation ordinance or tax levy, and the defendant nonetheless levied near the full amount needed for the expenditures of the upcoming year, again leaving a cash surplus to be carried forward to the next year. The plaintiffs contend that such an accumulation of surplus cash is illegal and that the surplus should have been considered in the budget and appropriation ordinance to thereby reduce the amount needed to be raised by taxation. While defendant argues that substantial amounts of the cash on hand have been used to reduce the current tax levy to that of approximately 56.9% of the prior year's actual expenditures, there is no doubt that the defendant has accumulated some surplus over and above that necessary to remain on a cash basis for paying all expenditures.

We find it unnecessary to consider all the issues raised by the plaintiffs. We agree with the argument of the defendant that plaintiffs' complaint for declaratory judgment was properly dismissed because the plaintiffs had an adequate remedy at law. The trial court properly concluded that the plaintiffs failed to state a justiciable claim for a declaratory judgment in their complaint.

■■ ■ The case most strongly relied upon by plaintiffs is *In re Application of County Collector* (2d Dist. 1976), 35 Ill. App. 3d 922, 342 N.E.2d 778, but that case is a tax objector's suit and was not one seeking the equitable relief of a declaratory judgment. Despite the merger of law and equity in our modern court system, equitable relief, such as a declaratory judgment, will not be granted where there is an otherwise adequate remedy at law. In a case with similar facts the Illinois Supreme Court stated:

"Except when a tax is laid upon exempt property, or is not authorized by law, or is levied on a fraudulently excessive valuation, it is settled that equity will not interfere to enjoin the

collection of a tax, or to prevent the proper expenditure of taxes already collected, unless special grounds for equitable jurisdiction exist, such as fraud, irreparable injury and cloud upon title, or unless the plaintiff does not have an adequate remedy at law." (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 276, 193 N.E.2d 833, 837.)

The plaintiffs had an adequate remedy at law by properly filing tax objections, and for that reason alone the trial court did not err in dismissing the complaint or in denying plaintiffs' motion for rehearing requesting leave to amend the complaint.

■■ We have also examined the case of *Biggs v. Health & Hospitals Governing Com.* (1st Dist. 1977), 55 Ill. App. 3d 501, 370 N.E.2d 1150, submitted as additional authority by plaintiffs. We agree with the proposition asserted that the circuit courts of this State have general jurisdiction over both law and equity matters. However, the Illinois Supreme Court has repeatedly held, in cases involving the field of taxation, that the trial courts do not err in refusing to grant equitable relief whenever an adequte remedy at law exists. We believe this to be the better rationale, particularly where it has long stood the test of time. The *Biggs* case also does not involve an issue in the field of taxation and we perceive much of the language there to be dicta, thereby making the case distinguishable.

For the reasons stated we see no need to address the issues as phrased and presented by the plaintiffs for review.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.