ALDENS, INC., Plaintiff-Appellant, *v.* EDWARD J. ROSEWELL, Cook County Collector, *et al.,* Defendants-Appellees.

First District (5th Division)   No. 78-537

Opinion filed May 11, 1979.

Thomas J. McCracken, Jr., of McCracken & Walsh, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and I. Randall Gold, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought suit against defendants seeking both an injunction against the collection of taxes based upon an invalid assessment and a refund of taxes previously paid. The trial court granted defendants' motion to dismiss for want of equity. On appeal, plaintiff contends that the trial court had equity jurisdiction over the subject matter of the suit. We affirm.

On November 10, 1976, plaintiff, a mail order business, filed its complaint alleging that it was the lessee of certain improved real property at 519 South Paulina in Chicago. It claimed that since the inception of its leasehold, it had paid all general taxes on the property in accordance with its indenture of lease with the lessors. A petition to condemn the property was filed on June 3, 1974, and under a court order, Medical Center Commission (hereinafter Medical Center), a tax-exempt corporation, acquired title to the property by eminent domain on July 1. Pursuant to the judgment order, Medical Center replaced the original lessors as the party of the first part in the indenture of lease. In all other respects, the indenture of lease was to remain the same except that plaintiff was given the right to surrender possession of the premises and terminate all of its obligations upon giving written notice.

Plaintiff chose not to surrender possession and continued to pay taxes on the property. In late 1975, plaintiff paid the second installment of $46,881.05 on the 1974 property taxes and on March 1, 1976, plaintiff paid the first installment of $50,693.98 on the 1975 property taxes. Plaintiff did

not pay the second installment and claimed that in light of the tax exempt nature of the owner of the property, no taxes should have been assessed on the Paulina property after June 3, 1974, the date on which the petition to condemn was filed. Plaintiff requested a permanent injunction against the assessment and collection of any taxes on the property and a refund of the second installment of the 1974 property taxes and of the first installment of the 1975 property taxes. Additionally, plaintiff requested a refund of that portion of the first installment of the 1974 taxes attributable to the period after June 3.

On July 1, 1977, the trial court granted defendants' motion to dismiss "for want of equity." On that same day, an agreed order was entered "[t]hat the balance of the real estate tax for 1975 as shown on the Collector's Warrant (the second installment) be forgiven and abated and that the Collector be forever enjoined from collecting, or attempting to collect, any additional amount."

On July 29, 1977, plaintiff filed an amended complaint which was essentially the same as the original complaint. On January 5, 1978, the trial court granted defendants' motion to dismiss "for want of equity." This appeal is taken from that order.

OPINION

Plaintiff contends that the trial court did have equity jurisdiction to grant a refund of property taxes because the taxes were assessed against exempt property. It argues that under these circumstances, it may choose to pursue either legal or equitable remedies. We disagree on both points. ■■■ Although we do not dispute the rule of law that equity will assume jurisdiction in real estate tax cases where a tax is levied on exempt property (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299), we do dispute plaintiff's contention that the taxes in the instant case were assessed against tax exempt property. Plaintiff's contention would have merit if there were not another basis for the taxes which were assessed. Nonetheless, there was a separate basis for taxation in the instant case. Taxes could be assessed on the basis of plaintiff's leasehold interest in the subject property. (*Nabisco, Inc. v. Korzen* (1977), 68 Ill. 2d 451, 369 N.E.2d 829.) A tax may be assessed against a leasehold interest in tax exempt property as long as the business conducted by the lessee is not related to the public function performed by the lessor. (See, e.g., *Illinois State Toll Highway Com. v. Korzen* (1965), 32 Ill. 2d 338, 205 N.E.2d 433.) It is undisputed that plaintiff's mail order business is not related to the public function of Medical Center. Thus, a tax could be assessed against its leasehold interest.

■■ Absent any other special basis for providing equitable relief (see *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299), a

trial court does not err in refusing to grant equitable relief when an adequate remedy at law exists. (*Ives v. Town of Limestone* (1978), 62 Ill. App. 3d 771, 379 N.E.2d 394.) In the present case, an adequate remedy at law did exist. Section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675) provides, *inter alia*:

> "If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall first pay all of the tax installments due, and such payment shall be accompanied by a \* \* \* [written protest].
>
> \* \* \*
>
> In counties having 1,000,000 or more inhabitants, and in other counties which have adopted the method provided for in Section 224.1, any such written protest, whether of all or any part of a real property tax, *shall be presented to the Collector at the time of payment of the second installment of said tax and at no other time.*" (Emphasis added.)

Plaintiff has failed to take advantage of this remedy with respect to the alleged invalid assessments in 1974 and 1975. Although plaintiff claims that it could not have filed an official protest to the 1975 taxes because the second installment was never paid, we believe that in such an event section 194 properly should be interpreted to require written protest by the date on which penalty commences for late payment of the second installment. In this case, a penalty fee was to be added after August 2, 1976. Since plaintiff has failed to file a protest by such date, it has not complied with section 194.

Since plaintiff has failed to comply with its statutory remedy, it cannot be awarded a refund of any excessive real estate taxes which it might have paid. "Taxes voluntarily paid cannot be recovered or refunded unless the statute expressly authorizes such recovery or refunding." (*American Can Co. v. Gill* (1936), 364 Ill. 254, 256, 4 N.E.2d 370, 371. See also *Jones v. Department of Revenue* (1978), 60 Ill. App. 3d 886, 377 N.E.2d 202; *Jansen Real Estate Corp. v. Cullerton* (1977), 49 Ill. App. 3d 231, 364 N.E.2d 905.) This rule has been applied even where a portion of the assessed taxes is attributable to exempt property. *Burley v. Lindheimer* (1937), 367 Ill. 425, 11 N.E.2d 926.

Even if we were to assume that the taxes were assessed against exempt property, a refund would not be mandated by the circumstances of this case. In addition to the fact that these taxes were voluntarily paid without protest, plaintiff has not claimed that it was unaware that a tax exempt corporation had acquired title to the subject property. In fact, the condemnation order, attached to plaintiff's complaint, indicates that all persons having an interest in the subject property "have been served with

process in manner and form as provided for by statute, or have duly entered their appearances * * *."

Furthermore, plaintiff cannot claim that there has been a dramatic increase in valuation in the subject property. (See *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833.) Indeed, after Medical Center acquired title to the property, plaintiff was not paying any more than it had agreed to in the original indenture of lease. Although plaintiff conceivably could be paying less taxes, we do not think that justice dictates a refund in this case.

Therefore, we believe that the trial court ruled correctly when it granted defendants' motion to dismiss.

Affirmed.

LORENZ and MEJDA, JJ., concur.