CAROL F. ANDERSEN, Plaintiff-Appellee, v. MICHAEL KOSS, Defendant-Appellant.

First District (5th Division)  No. 88—0233

Opinion filed August 19, 1988.

Jerome W. Pinderski, Jr., and Paul C. Pinderski, both of Pinderski & Pinderski, Ltd., of Palatine, for appellant.

David C. Bohrer and Michele L. Courneya, both of Chicago (Oppenheimer, Wolff & Donnelly, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from an order entering summary judgment in favor of plaintiff in a replevin action. He contends that there were genuine issues of material fact that precluded entry of summary judgment. For the reasons hereinafter stated, we reverse the order of the circuit court and remand the cause for further proceedings.

Plaintiff filed an amended complaint in replevin to determine rightful possession of a Skye Terrier show dog named Sand Island Sinclair which she alleged was being wrongfully detained by defendant. Plaintiff is in the business of breeding Skye Terriers; defendant is also an experienced dog breeder and is a licensed judge of dog shows. In her amended complaint plaintiff asked that an order of replevin be issued and that judgment be entered against defendant for possession of Sand Island Sinclair. In his answer defendant denied the material allegations of the amended complaint and raised the affirmative defense that plaintiff had sold the dog to him outright for $500 pursuant to an oral contract.

Following an evidentiary hearing, the court found that plaintiff had established a *prima facie* case to a superior right to possession of the dog and had also demonstrated the probability that she would ultimately prevail on the underlying claim to possession. Accordingly, the court entered an order for replevin which was executed by the sheriff. Plaintiff thereafter filed a motion for summary judgment on her claim to possession. The motion incorporated by reference the transcript of the evidentiary hearing. The court granted plaintiff's motion, from which order defendant has appealed.

■■ ■ We believe that the court erred in entering summary judgment for plaintiff. Summary judgment should be granted only when, in considering the affidavits, depositions, admissions, exhibits, and pleadings on file, there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Taylor v. City of Beards-*

*town* (1986), 142 Ill. App. 3d 584, 595, 491 N.E.2d 803.) The court has a duty to construe the evidence strictly against the moving party and liberally in favor of the nonmoving party. (142 Ill. App. 3d at 595-96.) A triable issue precluding summary judgment exists where there is a dispute as to material facts or where, the material facts being undisputed, reasonable persons might draw different inferences from those facts. (142 Ill. App. 3d at 596.) While use of summary judgment aids in the expeditious disposition of lawsuits, it is nonetheless a drastic means of disposing of litigation and should be allowed only when the right of the moving party is free from doubt and determinable solely as a question of law. 142 Ill. App. 3d at 596.

As we have noted, plaintiff's motion for summary judgment incorporated by reference the transcript of the evidentiary hearing. At that hearing, the parties presented conflicting versions of their contract negotiations and the nature of their agreement.

Plaintiff and her agent, Jacqueline Liddle, a professional dog handler and trainer, testified that defendant was offered a co-ownership interest in Sand Island Sinclair for $500, which he verbally accepted. The parties' agreement was to be incorporated into a detailed written contract which was sent to defendant several months after he had received Sand Island Sinclair "on approval." Defendant informed plaintiff that he was satisfied with the dog, but he refused to sign the written contract when he received it. Plaintiff never negotiated defendant's check.

Defendant testified that he had told Liddle that he wanted to purchase a Skye Terrier. Liddle, acting as plaintiff's agent, offered to sell Sand Island Sinclair to defendant to $500 pursuant to an oral contract under the terms of which he was required to pay the purchase price in advance and absorb all shipping costs. He would be allowed to inspect the dog upon delivery and payment of the air freight bill and if he were not satisfied, he was to return the dog immediately and plaintiff would refund the purchase price. Defendant agreed to these terms in a conversation with Liddle in late April 1986.

Defendant sent a check in the amount of $500 to Liddle, and Sand Island Sinclair was air shipped to O'Hare Airport, Chicago, Illinois, from St. Paul, Minnesota. Defendant paid the freight charges, accepted delivery of the dog and soon thereafter communicated his acceptance to plaintiff. The only documents that accompanied Sand Island Sinclair were an air waybill, a small animal health certificate, a rabies vaccination certificate and a handwritten note from Jacqueline Liddle. Defendant denied that he had had any discussions with plaintiff or Liddle regarding the acquisition of a co-ownership interest in

Sand Island Sinclair prior to receiving the dog.

■ It is apparent from a review of the evidentiary hearing that there was a genuine issue of material fact, *i.e.*, the nature of the parties' agreement, which precluded the entry of summary judgment. Although plaintiff attacks the credibility of defendant's testimony regarding the alleged oral contract, questions of credibility cannot be resolved on summary judgment. Plaintiff, however, submits that the contract on which defendant relies is unenforceable as a matter of law under the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 26, par. 2—201(1)). We disagree.

■ Subsection 2—201(1) states in pertinent part:

"Except as otherwise provided in this Section a contract for the sale of goods[1] for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." Ill. Rev. Stat. 1985, ch. 26, par. 2—201(1).

A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted." (Ill. Rev. Stat. 1985, ch. 26, par. 2—201(3)(c).) We need not decide whether plaintiff's retention of defendant's uncashed check constituted "acceptance" of payment under subsection 2—201(3)(c). Compare *Presti v. Wilson* (E.D.N.Y. 1972), 348 F. Supp. 543, 546 (where the seller has not endorsed or negotiated the check, there is no objective evidence of his assent to the sale), cited by plaintiff, with *Kaufman v. Solomon* (3d Cir. 1975), 524 F.2d 501, 503 (endorsement or negotiation of a check is not the *sine qua non* for its "acceptance" within the meaning of subsection 2—201(3)(c), and the mere receipt of a check and its retention for 30 days presented objective evidence of assent to the sale of certain machinery under an oral contract and precluded a determination as a matter of law that there was no acceptance of payment).

■ The record reveals that plaintiff, through her agent, shipped Sand Island Sinclair to defendant and that defendant accepted the dog upon its arrival in Chicago. That conduct was sufficient to take the oral contract out of the Statute of Frauds.

---

[1]The parties agree that animals are "goods" as that term is defined in the sales article of the Uniform Commercial Code. Ill. Rev. Stat. 1985, ch. 26, par. 2—105(1); *Willis v. West Kentucky Feeder Pig Co.* (1971), 132 Ill. App. 2d 266, 265 N.E.2d 899.

■ Under the Uniform Commercial Code, acceptance contemplates unilateral action on the part of the buyer, whereas receipt requires action by both the seller and the buyer. (*Hofmann v. Stoller* (N.D. 1982), 320 N.W.2d 786, 790; *Gerner v. Vasby* (1977), 75 Wis. 2d 660, 666-69, 250 N.W.2d 319, 323-24.) Consistent with this distinction, the supreme court of North Dakota held in *Hofmann* that "where there has been delivery of the goods by the seller and acceptance of the goods by the buyer, the bilateral performance of the contract evinces the assent of both parties." (320 N.W.2d at 791, citing *Gerner v. Vasby* (1977), 75 Wis. 2d 660, 250 N.W.2d 319.)[2] This holding comports with the official Code commentary: "Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists." Ill. Ann. Stat., ch. 26, par. 2—201, Uniform Commercial Code Comment 2, at 114 (Smith-Hurd 1963).

■ An oral contract for the sale of goods which has been partially performed is enforceable at the insistence of either party to the contract. (*Allied Wire Products, Inc. v. Marketing Techniques, Inc.* (1981), 99 Ill. App. 3d 29, 37 n.4, 424 N.E.2d 1288.) Moreover, it is not necessary that the conduct of the parties be "exclusively referable" to the oral contract. (*Gerner v. Vasby* (1977), 75 Wis. 2d 660, 669, 250 N.W.2d 319, 324-25.) "[W]here the conduct which is relied upon for part performance is consistent with the contract, such conduct is sufficient to take the contract out of the statute of frauds even though such conduct is not inconsistent with some other dealings arguably had between the parties." 75 Wis. 2d at 670, 250 N.W.2d at 325. Accord *Hofmann v. Stoller* (N.D. 1982), 320 N.W.2d 786, 791; *West Central Packing, Inc. v. A. F. Murch Co.* (1981), 109 Mich. App. 493, 503-04, 311 N.W.2d 404, 409.[3]

■ Upon our review of the record, we are unable to conclude that the oral contract on which defendant relied to resist plaintiff's motion for summary judgment was unenforceable as a matter of law.

---

[2]In *Gerner*, the court noted that receipt requires a delivery or change of possession from the seller to the buyer, which, in the absence of a tortious appropriation, can be accomplished only by the affirmative assent and conduct of the seller. 75 Wis. 2d at 668, 250 N.W.2d at 324.

[3]"Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists. *** The overt actions of the parties make admissible evidence of the other terms of the contract necessary to a just apportionment. *This is true even though the actions of the parties are not in themselves inconsistent with a different transaction* such as a consignment for resale or a mere loan of money." (Emphasis added.) Ill. Ann. Stat., ch. 26, par. 2—201, Uniform Commercial Code Comment 2, at 114 (Smith-Hurd 1963).

Accordingly, we reverse the order of the circuit court of Cook County granting plaintiff's motion for summary judgment and remand the cause for further proceedings.

Reversed and remanded.

LORENZ, P.J., and MURRAY, J., concur.