MARY SJOGREN, Plaintiff-Appellant, v. MAYBROOKS, INC., Defendant-Appellee.

First District (1st Division) No. 1—90—0485

Opinion filed May 28, 1991.

Smolin, Blum & Brandwein, of Chicago (James B. Goldberg, of counsel), for appellant.

Randall, Gayle & Patt, of Glenview (Michael G. Phillips, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:
Plaintiff Mary Sjogren appeals from orders of the circuit court of Cook County dismissing one count of her complaint against defendant Maybrooks and denying her motion to amend an agreed order.

The record on appeal indicates the following. On February 4, 1989, plaintiff allegedly entered into an oral contract to sell computer equipment worth $6,850 to defendant. The equipment was delivered to defendant on February 13, 1989. Defendant did not pay for the equipment upon delivery or any of plaintiff's subsequent requests for payment.

Defendant had use of the computer equipment for 38 days. Plaintiff filed a two-count complaint against defendant on March 17, 1989. Only the first count, alleging breach of oral contract, is before this court. Defendant attempted to return the equipment on March 23, 1989, but plaintiff refused delivery. Defendant was served with plaintiff's summons and complaint on March 29, 1989.

Defendant then filed a motion to dismiss the breach of oral contract claim pursuant to section 2—619(a)(7) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(7)), alleging that plaintiff's claim was barred by the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 26, par. 2—201). On August 7, 1989, the trial court entered an agreed order granting plaintiff until September 19, 1989, to respond to the motion. On August 21, 1989, plaintiff filed a motion to modify the August 7 order so that plaintiff would have 21 days from receipt of written discovery requested by plaintiff to respond to the motion. On September 15, 1989, the trial court denied plaintiff's motion, leaving the September 19 deadline intact.

Following a hearing on defendant's section 2—619 motion, the trial court dismissed the claim, determining that the claim was barred by the Statute of Frauds. This appeal followed.

■■ ■ Initially, we note that the purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact. (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 558 N.E.2d 341; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703, 501 N.E.2d 156.) The court may, in its discretion, decide questions of fact upon the hearing of the motion. (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664.) However, if the court cannot determine with reasonable certainty that the alleged defense exists, the motion should be denied. (*Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 667, 373 N.E.2d 645.) Moreover, in deciding the merits of the motion, a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249.

Plaintiff's first argument on appeal is that plaintiff's partial performance of the contract—delivering the computer equipment—takes her claim outside the Statute of Frauds. Plaintiff relies upon *Anastaplo v. Radford* (1958), 14 Ill. 2d 526, 153 N.E.2d 37, and its progeny, in support of this contention. See *Andersen v. Koss* (1988), 173 Ill. App. 3d 872, 527 N.E.2d 1098; *Cooper v. Pedersen* (1961), 29 Ill. App. 2d 384, 173 N.E.2d 549.

■■ ■ Although acts of partial performance are typically sufficient to take an oral agreement out from under the operation of the Statute of Frauds in an action at equity, such acts do not take an action at law outside the operation of the Statute of Frauds. (*Gibbons v. Stillwell* (1986), 149 Ill. App. 3d 411, 415, 500 N.E.2d 965, 968-69 (citing numerous Illinois cases). Compare *e.g., Rose v. Dolejs* (1953), 1 Ill. 2d 280, 116 N.E.2d 402 (action at equity), with *Wheeler v. Frankenthal & Brothers* (1875), 78 Ill. 124 (action at law).) This rule is a specific reflection of the general principle that the aid of equity can be invoked only in the absence of an adequate legal remedy. (*White v. City of Ottawa* (1925), 318 Ill. 463, 149 N.E. 521; *Eveland v. Board of Education* (1950), 340 Ill. App. 308, 92 N.E.2d 182.) Although law and equity have been merged in our modern court system, equitable relief will not lie where there is an adequate remedy at law. *Ives v. Town of Limestone* (1978), 62 Ill. App. 3d 771, 379 N.E.2d 394.

■■ The cases cited by plaintiff were actions for equitable relief; *Anastaplo* concerned injunctive relief, *Andersen* concerned replevin and *Cooper* concerned specific performance. In this case, plaintiff's alleged oral contract with defendant was not for the purchase of a particular piece of real property or for delivery of any sort of unique item, such as a show dog or shares of corporate stock that are not available on the open market. Plaintiff therefore had an adequate remedy at law for damages and is not entitled to seek equitable relief. Indeed, her complaint seeks damages alone. The doctrine of part performance does not apply to an action at law for damages; hence, the delivery of the equipment does not take the alleged oral agreement out of the Statute of Frauds.

Plaintiff's next two arguments are related and will be considered together. Plaintiff maintains that the trial court erred in dismissing the breach of oral contract claim because defendant's use of the goods was inconsistent with plaintiff's ownership. Plaintiff also maintains that defendant failed to effectively reject the goods. Defendant disagrees with both of these contentions.

■■ Illinois law provides that a contract which fails to meet the formal requirement of a writing signed by the party to be charged, but which would otherwise be valid, is enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted." (Ill. Rev. Stat. 1987, ch. 26, par. 2—201(3)(c).) It is undisputed that no payment has been made in this case. It is equally undisputed that the goods were received by defendant.

 Acceptance of goods is governed by section 2—606 of the Uniform Commercial Code (UCC), as adopted in Illinois, which provides in relevant part:

"(1) Acceptance of goods occurs when the buyer

\*\*\*

(b) fails to make an effective rejection \*\*\*, but such acceptance does not take place until the buyer has had a reasonable opportunity to inspect them; or

(c) does any act inconsistent with the seller's ownership; but if such act is wrongful against the seller it is an acceptance only if ratified by him." (Ill. Rev. Stat. 1987, ch. 26, pars. 2—606(1)(b), (1)(c).)

Section 2—602 of the UCC governs rightful rejection of goods and provides in relevant part:

"(1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

(2) \*\*\*

(a) after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller." (Ill. Rev. Stat. 1987, ch. 26, pars. 2—602(1), (2)(a).)

Section 1—204 of the UCC provides in relevant part:

"(2) What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action.

(3) An action is taken 'seasonably' when it is taken at or within the time agreed or if no time is agreed at or within reasonable time." Ill. Rev. Stat. 1987, ch. 26, pars. 1—204(2), (3).

 These sections of the UCC are set out to demonstrate that the concepts of acceptance and rejection of goods are linked. (See, e.g., Ill. Ann. Stat., ch. 26, par. 2—602, Illinois Code Comment, at 429 (Smith-Hurd 1963).) The common thread connecting these two concepts is reasonableness. The UCC definition of a reasonable time suggests that the question of reasonableness is particularly fact sensitive. (See Ill. Rev. Stat. 1987, ch. 26, par. 1—204(2).) It follows that "[w]hether conduct has amounted to an acceptance or a rejection of goods is a question of fact 'to be determined within the framework of the facts of each particular case.'" 4 R. Anderson, Uniform Commercial Code §2—606:16, at 102-03 (1983), quoted in *Alden Press, Inc. v. Block & Co.* (1988), 173 Ill. App. 3d 251, 262, 527 N.E.2d 489, 495; see also *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts*

*Co.* (1980), 86 Ill. App. 3d 980, 408 N.E.2d 403 (and cases cited therein).

Consequently, the cases relied upon by both parties are of little help to this court, for none of the cases cited involve the sale of computer equipment of the sort involved in this case.

■■ We therefore arrive at the ultimate issue in this matter, which is whether the trial court properly dismissed the claim for breach of oral contract pursuant to section 2—619. As the foregoing discussion indicates, the crucial question before the trial court was whether defendant's use of the computer equipment for 38 days constituted acceptance and, if so, whether defendant rightfully rejected the equipment. The record on appeal contains the affidavits of both parties as to the terms of the alleged oral contract. However, the record on appeal does not contain evidence concerning what would be a reasonable time to accept or reject the goods under the circumstances of this case. Nor does the record provide much detail on the nature, purpose and circumstances of the transaction at issue.

In sum, the record on appeal is largely devoid of evidence bearing on the factual question of whether defendant used the equipment for more than a reasonable period of time. The trial court could not rely solely on the conflicting affidavits of the parties, leaving acceptance and rejection as controverted issues of fact. See *Premier Electrical Construction Co.*, 132 Ill. App. 3d at 493, 477 N.E.2d at 1255-56.

Given our disposition of this matter, we need not address plaintiff's final argument, that the court erred in denying her motion to delay the hearing on the section 2—619 motion until 21 days following receipt of discovery sought by plaintiff. The records sought by plaintiff, had they been before the trial court, may or may not have provided a sufficient factual basis for granting the motion. It suffices to note here that the record as it currently stands does not present an easily proved issue of fact.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.