VINCE DAVIS, SR., Plaintiff-Appellee, v. CHICAGO POLICE BOARD *et al.*, Defendants (Matt L. Rodriguez, Superintendent of Police, Defendant-Appellant).

First District (1st Division) No. 1—92—4236

Opinion filed November 14, 1994.—Rehearing denied January 31, 1995.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellant.

Nathaniel R. Howse, Jr., and P. Scott Neville, Jr., both of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Superintendent of Police Matt L. Rodriguez (superintendent) appeals an order of the circuit court of Cook County granting summary judgment to plaintiff Vince Davis, Sr., in an action for administrative review of the decision of the defendant Chicago Police Board (Board) to discharge plaintiff as a Chicago police officer.

The record on appeal indicates the following facts. On November 8, 1990, plaintiff filed a complaint for administrative review against the Board. The complaint alleges that plaintiff was appointed a Chicago police officer on December 7, 1987. The complaint alleges that plaintiff was instructed to appear before the Board on July 23, 1990, for a hearing of charges made against him.

Plaintiff's complaint further alleges that the Board decided that plaintiff should be discharged on October 3, 1990. Plaintiff attached a copy of the Board's decision as an exhibit to the complaint. The written decision indicates that the Board found him guilty of possession of cocaine, based on a urine sample tendered on April 20, 1990. The written decision also found plaintiff guilty of failing to notify the Secretary of State that plaintiff had changed his residence regarding both his automobile registration and driver's license. The written decision also found plaintiff guilty of failing to notify his commanding officer that his driver's license was suspended on October 20, 1989.

Plaintiff's complaint alleged that the Board lacked subject matter jurisdiction over plaintiff's case because plaintiff was not given a

hearing within the time specified by the Board's rules of procedure (Police Board Rules). Plaintiff cited Police Board Rule I(E), which provides in relevant part as follows:

> "The initial hearing for each case will be at the regularly scheduled calendar call of the Police Board, which in no event shall occur less than five (5) days nor more than thirty days after the respondent is personally served with the charges."

Plaintiff also claimed that the Board failed to establish an unbroken chain of custody of the evidence upon which its decision was based.

On December 13, 1990, the Board filed a motion to strike and dismiss plaintiff's complaint, alleging that plaintiff failed to name or serve the superintendent of police as required by the Administrative Review Law (Act) (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). Consequently, the Board contended, plaintiff failed to file a complaint conferring jurisdiction on the circuit court within the 35-day limit imposed by the Administrative Review Law as interpreted by our supreme court in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266. On December 14, 1990, plaintiff sought and was granted leave to file an amended complaint naming the superintendent of police as a defendant.

On December 19, 1991, the Board filed a transcript of the July 23, 1990, hearing, which appears to be the extent of the Board's formal answer. On February 5, 1992, plaintiff moved for summary judgment, arguing that the Board lacked subject matter jurisdiction because the record did not affirmatively show that the initial hearing of plaintiff's case occurred within the 30-day limit established by Police Board Rule I(E).

The trial court held a hearing on the motion for summary judgment on July 7, 1992. The transcript of proceedings for the hearing indicates that it was undisputed that the record did not contain evidence showing that the initial hearing was held within the 30-day limit established by Police Board Rule I(E). The transcript also indicated that defendants did not have a transcript of the initial hearing to produce that day in court. Defendants, however, had brought a document that would evidence the date upon which plaintiff was served with the charges. The transcript is unclear whether this document is a document later described by counsel as showing both the date of service and the date of the initial hearing. The trial court did not permit defendants to supplement the record. After hearing argument on the motion, the trial court found that the Board lacked subject matter jurisdiction, granted summary judgment in favor of plaintiff and remanded the matter to the Board with orders to reinstate plaintiff as a police officer.

Defendants moved for reconsideration on August 6, 1992. The trial court held a hearing on the motion on November 5, 1992. Defendants argued that the trial court should remand the case to permit the Board to supplement the record in order to show that the initial hearing was conducted in a timely manner. Defendants also reiterated the argument presented in its motion to dismiss that plaintiff failed to timely file his complaint for administrative review. The trial court denied the motion for reconsideration. Defendants timely filed a notice of appeal to this court.

■ Initially, we address the Board's contention that the trial court erred in refusing to dismiss plaintiff's complaint, as we find the issue dispositive of the appeal. The Board moved to strike and dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), which furnishes a mechanism for the disposition of issues of law and easily proved issues of fact. (*Sjogren v. Maybrooks, Inc.* (1991), 214 Ill. App. 3d 888, 891, 573 N.E.2d 1367, 1368.) A trial court deciding a section 2—619 motion may consider, among other things, pleadings, affidavits and depositions. (*Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 232, 542 N.E.2d 435, 438.) However, a trial court should not decide a contested issue of fact based solely on affidavits and counteraffidavits. See *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 493, 477 N.E.2d 1249, 1255-56.

■ In this case, the superintendent argues that plaintiff's complaint should have been dismissed for failure to timely name and serve him as a defendant. Judicial review of administrative decisions is governed by the Administrative Review Law. The Act requires an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Moreover, the summons must be issued on the administrative agency and on all defendants. (Ill. Rev. Stat. 1991, ch. 110, par. 3—105.) Section 3—107(a) of the Act, which defines who shall be made a defendant to an action for review of an administrative decision, provides "in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) Section 3—102 generally provides that "[u]nless review is sought *** *within the time and in the manner herein provided,*" a party is barred from review. (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 3—102.

■ While the requirement of joinder of all parties under section 3—107 of the review law is not jurisdictional, the supreme court has held it is mandatory. (*Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 354, 549 N.E.2d 1266, 1268.) While not depriving the court of jurisdiction, failure to comply with this mandatory requirement, *i.e.,* the joinder of all necessary parties as defendants and service of summons upon them within 35 days, mandates dismissal in the absence of a good-faith effort to comply with the statute. (*Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.) Thus, in *Lockett*, our supreme court determined that the failure to timely name and issue summons upon the superintendent, who filed the charges against the plaintiff police officer, warranted dismissal of that police officer's petition for administrative review.

Plaintiff, relying on *Burgess v. Board of Fire & Police Commissioners* (1991), 209 Ill. App. 3d 821, 829, 568 N.E.2d 430, 435, contends that the superintendent was not a "party of record" because there was no evidence that the superintendent filed the charges against plaintiff in this case. However, the written decision of the Board, which plaintiff made part of his complaint by attachment, indicates that the superintendent filed the charges against plaintiff on June 8, 1990. The Board's determinations of fact are considered *prima facie* true and correct on appeal. (See Ill. Rev. Stat. 1991, ch. 110, par. 3—110.) Plaintiff here submitted no affidavit or other evidentiary material that rebutted the Board's statement of fact. Plaintiff states in his brief that the Board filed the charges against him. However, unlike *Burgess*, there was nothing in the record indicating that the Board filed the charges against plaintiff. The record citation provided by plaintiff in his brief refers to the charges, but the charges therein do not indicate that the Board filed them.

■ Plaintiff correctly notes that the Board is required by the Act to file the "entire record of proceedings" as an answer. (Ill. Rev. Stat. 1991, ch. 110, par. 3—108(b).) We note that defendants' failure to do so precluded them from establishing their claim that the Board complied with Rule I(E). Nevertheless, pursuant to section 3—106 of the Act, the Board may initially appear by filing a motion to dismiss, and it is not required to file the entire record until it is required to answer, which may be after the disposition of the motion to dismiss. *Burgess*, 209 Ill. App. 3d at 829, 568 N.E.2d at 435.

Plaintiff also contends that *Lockett* is inapplicable to this case because he challenged the subject matter jurisdiction of the Board. The transcript of proceedings on the motion to reconsider indicates that the trial court agreed with this contention. Plaintiff relies upon section 3—102 of the Act, which contains an exception to the general

bar of untimely or defective claims "for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." (Ill. Rev. Stat. 1991, ch. 110, par. 3—102.) Plaintiff also cites the general rule that the subject matter jurisdiction of an administrative agency may be attacked at any time, directly or collaterally. *E.g., City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154, 1155.

■ An administrative agency is different from a court because an agency only has the authorization given to it by the legislature by statute. (*Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1989), 136 Ill. 2d 192, 243, 555 N.E.2d 693, 716.) "The term 'jurisdiction,' while not strictly applicable to an administrative body, may be employed to designate the authority of the administrative body to act ***." (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 36, 485 N.E.2d 321, 324.) Thus, in administrative law, the term "jurisdiction" has three aspects: (1) personal jurisdiction—the agency's authority over the parties and intervenors involved in the proceedings; (2) subject matter jurisdiction—the agency's power to hear and determine causes of the general class of cases to which the particular case belongs; and (3) an agency's scope of authority under the statutes. *Business & Professional People for the Public Interest*, 136 Ill. 2d at 243, 555 N.E.2d at 716.

■ In this case, plaintiff does not challenge the personal jurisdiction of the Board over the parties; indeed, the record shows that plaintiff appeared at and participated in the hearing of the charges against him. The Board's subject matter jurisdiction—its power to hear discharge cases—is set forth in section 10—1—18.1 of the Illinois Municipal Code. (Ill. Rev. Stat. 1991, ch. 24, par. 10—1—18.1.) As this court noted in *Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 488 N.E.2d 1289, section 10—1—18.1 of the Municipal Code does not include a jurisdictional time limit for initiating hearings. (*Massingale*, 140 Ill. App. 3d at 380, 488 N.E.2d at 1291.) Finally, while plaintiff alleged that the Board violated its own rules of procedure, plaintiff does not allege that the Board exceeded its statutory authority.

In sum, it is clear as a matter of law that plaintiff's complaint does not attack the Board's subject matter jurisdiction. Plaintiff's allegations in this case do not fall within the class of claims that may be raised at any time. Plaintiff made no attempt to show good-faith compliance with the requirements of the Act. Consequently, pursuant to *Lockett*, the trial court should have dismissed plaintiff's petition for administrative review.

For all of the aforementioned reasons, the judgment of the circuit

court of Cook County is reversed and the decision of the Board is reinstated.

Judgment reversed; order reinstated.

BUCKLEY and O'CONNOR, JJ., concur.